IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| EDDIE MOORE,      #247087, ) | Civil Action No. 3:07-3209-RBH-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RUDOLPH TILLMAN; ) | |
| JANICE MONTGOMERY; ) | |
| WILLIAM WHITE; ) | |
| DONALD DRISKILL; ) | |
| DENISE HINSON; ) | |
| GLENN S. SHERMAN; ) | |
| CHARLES YATES; ) | |
| GLENDA ROBINSON; ) | |
| MARSHALL C. SANFORD, JR, IN THEIR ) | |
| INDIVIDUAL CAPACITIES; AND ) | |
| ROBERT M. STEVENSON, AND ) | |
| JON OZMINT, IN THEIR INDIVIDUAL AND ) | |
| OFFICIAL CAPACITIES, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action on September 24, 2007.[1] He is an inmate at Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). Defendants are Rudolph Tillman ("Tillman"), Janice Montgomery ("Montgomery"), William White ("White"), Donald Driskill ("Driskill"), Denise Hinson ("Hinson"), Glenn S. Sherman ("Sherman"), Charles ("Yates"), Glenda Robinson ("Robinson"), Marshall C. Sanford, Jr. ("Sanford"), Robert M. Stevenson ("Stevenson"), and Jon Ozmint ("Ozmint"). On November 27, 2007, Defendants filed

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because these are dispositive motions, this Report and Recommendation is entered for review by the court.

a motion to dismiss or in the alternative for summary judgment.[2] On the same day, Defendants Ozmint and Sanford also filed an "emergency" motion to dismiss. Plaintiff, because he is proceeding pro se, was advised on December 5, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions could result in the dismissal of his complaint. Plaintiff filed a motion for summary judgment (which also appears to be a response to Defendants' motions to dismiss and for summary judgment) on January 7, 2008. Defendants filed a response on February 4, 2008. On April 11, 2008, Defendants filed a memorandum in support of their motions to dismiss and for summary judgment. On May 14, 2008, the undersigned granted Plaintiff's motion to amend his complaint[3] and granted Plaintiff's motion to extend time to respond to Defendants' motions to dismiss and for summary judgment. Plaintiff filed materials in opposition to Defendants' motions to dismiss and for summary judgment on July 3, 2008.

## MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

Plaintiff alleges that inmates who worked in the BRCI library solicited him for money to complete his legal work. He claims that he reported this activity to SCDC officials, but they failed to take action which resulted in a violation of his constitutional rights. Plaintiff alleges claims for (1) denial of access to the courts, (2) conspiracy, (3) retaliation, and (4) deliberate indifference. Defendants contend that their motion to dismiss or for summary judgment should be granted

---

[2] As matters outside the pleadings have been considered, the undersigned has treated this as a motion for summary judgment.

[3] The undersigned granted Plaintiff's motion to amend because Defendants had not filed a responsive pleading. The amended complaint (filed May 14, 2008), for the most part, contains the same allegations as the original complaint, but adds an Eighth Amendment deliberate indifference claim and attempts to clarify Plaintiff's request for relief.

because: (1) this is a frivolous proceeding to which there is no merit; (2) Plaintiff failed to exhaust his administrative remedies;[4] (3) Defendants are entitled to Eleventh Amendment immunity in their official capacities; (4) Defendants are entitled to qualified immunity; (5) the record establishes that there has been no constitutional violation of Plaintiff's rights; and (6) there is no showing that any actions taken by Defendants amounted to an intentional discriminatory violation. Defendants Sanford and Ozmint contend that their "emergency" motion to dismiss should be granted because, even though Plaintiff has sued these Defendants in their individual and official capacities, they believe that a reading of the allegations reveals that they are being sued in their official capacities only. They contend that they are entitled to Eleventh Amendment immunity and that Plaintiff failed to exhaust all of his administrative remedies pursuant to 42 U.S.C. § 1997e.

1.      Access to the Courts

Plaintiff alleges that Defendants' actions denied him access to the courts. Defendants contend that Plaintiff fails to show that he was denied access to the court because he has not shown any actual injury or specific harm.

In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court determined that prisoners have an absolute right to access to the courts, both to allow them to attack their convictions

---

[4]This report and recommendation addresses Plaintiff's claims on the merits. Alternatively, the undersigned recommends that this action be dismissed without prejudice because Plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Defendants provide that Plaintiff only filed a Step 1 SCDC grievance as to one of the issues alleged (failing to exhaust it by filing a Step 2 grievance) and did not file grievances as to any of the other issues alleged. See Tillman Aff.

and to file other lawsuits. The decision merely requires that the right of access to the courts not be impeded. The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343 (1996). In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996); see also White v. White, 886 F.2d 721, 723-24 (4th Cir. 1989); Strickler v. Waters, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). A plaintiff must demonstrate, for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim. Lewis, 518 U.S. at 353-54.

Plaintiff fails to show that his access to the courts has been violated as he has not shown any actual injury such as the late filing of a court document or the dismissal of an otherwise meritorious claim resulting from Defendants' alleged actions. See Bounds v. Smith and Lewis v. Casey, supra. In this action, Plaintiff had been able to file numerous lengthy pleadings which contain numerous citations to caselaw.

Plaintiff admits that he paid other inmates to prepare his court filings and appears to argue that SCDC is required to provide legal assistance to prepare court filings. There is no indication, however, that the right of access to the courts requires that prisons provide persons to prepare legal work for inmates. Here, SCDC's policies provide for a legal library for inmates and inmate legal assistance to help inmates in finding materials in the library. See SCDC Policy GA 01.03 (Attachment to Plaintiff's Opposition Memorandum).

4

2.   Retaliation

Plaintiff claims that Defendants retaliated against him for complaining about inmates charging for legal services by: (1) verbally abusing him or allowing verbal abuse by the inmates Plaintiff accused; (2) shipping accused inmates to other institutions rather than punishing them in another way; [5] (3) subjecting him to a hostile, intimidating, and offensive environment in the law library; and (4) failing to provide Plaintiff with a job at the prison industries plant. Defendants contend that Plaintiff fails to show any injury and he fails to show that a constitutional claim.

Plaintiff fails to establish a claim for retaliation. Bare assertions of retaliation do not establish a claim of constitutional dimensions. See Adams v. Rice, 40 F.3d 72 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995). In order to state a claim for retaliation, an inmate must show that the alleged retaliation had an adverse impact on the exercise of his constitutional rights. Id. at 75. "In the prison context, we treat such claims with skepticism because '[e]very act of discipline by prison officials is by definition "retaliatory" in the sense that it responds to prisoner misconduct.'" Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996)(en banc), citing, Adams, 40 F.3d at 74.

To the extent that Plaintiff is complaining about the processing of his grievances filed with SCDC, his claim fails. The "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d at 75. Even assuming that Defendants violated SCDC grievance procedures, such actions do not state a claim which is actionable under § 1983. See Brown v. Dodson, 863 F. Supp. 284 (W.D.Va. 1994).

---

[5]To the extent that Plaintiff is asking the court to have these inmates prosecuted criminally, his claim fails. No citizen has an enforceable right to institute a criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990) (prison officials entitled to qualified immunity for their actions in screening inmate requests that they be transported to court to press criminal charges).

5

Further, allegations that SCDC Defendants have not followed their own policies or procedures, standing alone, do not amount to constitutional violations. See United States v. Caceres, 440 U.S. 741 (1978); see also Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990)(if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992)(violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

Plaintiff appears to allege that Defendants' actions denied him access to the courts. As discussed above, however, Plaintiff fails to show that he was denied access to the courts as he fails to show any actual injury or specific harm.

Plaintiff appears to allege that Defendants retaliated against him by harassing him or verbally abusing him. Verbal abuse of inmates by guards, without more, fails to state a claim under § 1983. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(disrespectful and assaultive comments did not violate Eighth Amendment); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993)(verbal threats and name calling are usually not actionable under § 1983); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)(sheriff's idle threat to hang a prisoner did not give rise to a § 1983 claim); Lamb v. Hutto, 467 F. Supp. 562 (E.D.Va. 1979)(verbal assaults and threats do not state a constitutional claim actionable under § 1983).

Plaintiff appears to allege that Yates retaliated against him by failing to provide him with a job at prison industries plant. Defendants contend that Plaintiff was denied such a position because none was available and that Plaintiff fails to establish a constitutional claim because he did not have a constitutionally protected right in having a job in the plant.

A plaintiff has no constitutional right to participate in prison programs, so his ineligibility for a prison work program is not a deprivation of constitutional magnitude. See Hewitt v. Helms, 459 U.S. 460 (1983); Altizer v. Paderick, 569 F.2d 812 (4th Cir.), cert. denied, 435 U.S. 1009 (1978)(custody classifications and work assignments are generally within the discretion of the prison administrator); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980)("An inmate's expectation of keeping a certain prison job does not amount to a property or liberty interest entitled to protection under the Due Process Clause."); Alley v. Angelone, 962 F. Supp. 827, 834 (E.D.Va. 1997)(prisoner did not have a protected interest in continued employment because lack of employment was clearly within the range of confinement which could be expected by most inmates).

3.     Conspiracy

Plaintiff appears to allege that Defendants conspired to deny him his constitutional rights. Defendants contend that Plaintiff has not presented any evidence to show that Defendants acted in concert to further a deprivation of Plaintiff's rights.

To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Hinkle at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id.

7

Here, Plaintiff has presented nothing other than his own speculation that there was a conspiracy. He fails to show a meeting of the minds amongst Defendants to deprive him of his constitutional rights.

    4.    <u>Deliberate Indifference</u>

Plaintiff appears to allege that Defendants' actions violated his constitutional rights because Defendants were deliberately indifferent to a risk of harm to him consisting of verbal abuse and potential physical abuse. Defendants contend that Plaintiff fails to state a claim for deliberate indifference because the only injury asserted as a result of the alleged indifference is verbal abuse and potential physical abuse, causing an increase in his blood pressure. They argue that Plaintiff fails to show that any increase in his blood pressure resulted from their actions.

The Eighth Amendment provides protection with respect to "the treatment a prisoner receives in prison and the conditions under which he is confined." <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993). However, the constitutional prohibition against the infliction of cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). Eighth Amendment protection from cruel and unusual living conditions has both objective and subjective components. First, deprivations must be objectively serious in the sense that they violate contemporary notions of decency. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). Second, the plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. <u>Strickler v. Waters</u>, 989 F.2d 1375, 1379 (4th Cir.), <u>cert. denied</u>, 510 U.S. 949 (1993). The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

8

A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler, 989 F.2d at 1380-81.

Plaintiff fails to establish a constitutional claim because he has not shown any serious or significant physical or emotional injury resulting from the alleged conditions. See Strickler, 989 F.2d at 1380-1381. Plaintiff appears to allege that the verbal abuse and the potential for physical abuse caused an increase in his blood pressure. Defendants provide that Plaintiff's medical records show that Plaintiff had taken medication for high blood pressure in the past and that he also took other medications that might elevate his blood pressure. Plaintiff has provided nothing to show that any increase in his blood pressure occurred because of Defendants' actions. Further, Plaintiff has not shown that Defendants know of or disregarded an excessive risk to Plaintiff's health or safety.

5.      Mental and Emotional Distress

Plaintiff seeks monetary damages for emotional distress he allegedly suffered as a result of Defendants' actions. Defendants contend that these claims are barred by 42 U.S.C. § 1997e(e) because Plaintiff may not bring a federal action for mental or emotional injury suffered while in prison custody, without a prior showing of physical injury.

To the extent that Plaintiff is seeking monetary damages for emotional distress, his claim fails. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[6]

42 U.S.C. § 1997e(e).

6. <u>Immunity</u>

Defendants contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

<u>Id.</u> at 66.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but

---

[6] The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); <u>see also</u> <u>Zehner v. Trigg</u>, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), <u>aff'd</u>, 133 F.3d 459 (7th Cir. 1997).

10

the court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities. Therefore, Defendants are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

Defendants also contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

11

## EMERGENCY MOTION TO HAVE PLAINTIFF TRANSFERRED

On January 17, 2008, Plaintiff filed a motion to be transferred to federal prison for protection. Plaintiff states that another inmate was released from lock-up and is "spreading the word" that Plaintiff had him locked up. Additionally, Plaintiff states that he is an ex-correctional officer and claims he is being called a snitch. Plaintiff states that he "has reason to believe that he has been exposed as such by staff here." Defendants did not respond to Plaintiff's motion. In other responses, however, Defendants provide that the grievance process is confidential and that if any inmates were aware of Plaintiff's allegations it was the result of Plaintiff's own disclosure of the allegations.

Plaintiff's motion should be denied. In general, a federal district courts cannot order prisoners to be transferred from state into federal custody because the housing location of prisoners is a matter within executive rather than judicial purview. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980)(holding that district court abused its discretion by ordering prisoner serving state and federal sentences transferred into federal from state custody).

Only in extreme situations, not pleaded here, would a federal court have the authority to order a State to transfer a prisoner and then, usually, it would be in the discretion of the State to select another appropriate facility. See Streeter v. Hopper, 618 F.2d 1178, 1182 (5th Cir.1980), Walker v. Lockhart, 713 F.2d 1378 (8th Cir.1983); Moore v. Schuetzle, 486 F. Supp. 2d 969, 988-982 (D.N.D. 2007).

## CONCLUSION

Based on review of the record, it is recommended that Plaintiff's motion for a transfer (Doc. 39) be denied and that his motion for summary judgment (Doc. 35) be denied. It is also

recommended that Defendants' motion for summary judgment (Doc. 15) be granted and that the motion to dismiss of Defendants Sanford and Ozmint (Doc. 16) be denied as moot.

              Respectfully submitted,

              s/Joseph R. McCrorey
              United States Magistrate Judge

August 18, 2008
Columbia, South Carolina

    **The parties' attention is directed to the important information on the attached notice.**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).