UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EDDIE MOORE,          #247087, ) | Civil Action No. 3:07-3209-RBH | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| RUDOLPH TILLMAN; ) | | |
| JANICE MONTGOMERY; ) | | |
| WILLIAM WHITE; ) | | |
| DONALD DRISKILL; ) | | |
| DENISE HINSON; ) | | |
| GLENN S. SHERMAN; ) | | |
| CHARLES YATES; ) | **O R D E R** | |
| GLENDA ROBINSON; ) | | |
| MARSHALL C. SANFORD, JR, IN THEIR ) | | |
| INDIVIDUAL CAPACITIES; AND ) | | |
| ROBERT M. STEVENSON, AND ) | | |
| JON OZMINT, IN THEIR INDIVIDUAL ) | | |
| AND OFFICIAL CAPACITIES, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined in Broad River Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 on the basis of alleged denial of access to courts, retaliation, civil conspiracy, and deliberate indifference. The plaintiff's initial Complaint was filed on September 24, 2007 against the defendants, requesting damages for alleged violations of his constitutional rights, including damages for mental anguish. Defendants Robinson, Sanford, Stevenson, Ozmint, Tillman, Montgomery, White, Driskill, Hinson, Sherman, and Yates filed a Motion to Dismiss on November 27, 2007. On November 27, 2007, defendants Ozmint and Sanford also filed a Motion to Immediately

1

Dismiss based on Eleventh Amendment immunity, frivolity, and failure to exhaust administrative remedies.

By order filed December 5, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the motions to dismiss or for summary judgment. Plaintiff's deadline to respond to the motions was extended by Magistrate Judge McCrorey until February 8, 2008. Plaintiff then filed a motion for summary judgment on January 7, 2008. On April 11, 2008, defendants filed a memorandum in support of their motion to dismiss or in the alternative for summary judgment. By order filed on May 14, 2008, Magistrate Judge McCrorey granted the plaintiff's motion to amend his complaint to add the claim for deliberate indifference. He also allowed the plaintiff to file any additional response to the motions no later than July 7, 2008. Plaintiff filed a response to the motions on July 3, 2008.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Joseph R. McCrorey filed August 18, 2008. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the defendants' motions should be granted on the basis of immunity and on the merits but also noted that the plaintiff had apparently failed to exhaust his administrative remedies. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on

September 3, 2008.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## **Discussion**

Although the defendants moved to dismiss or for summary judgment on the basis of failure to exhaust, the Magistrate Judge did not recommend dismissal of the case on that basis, presumably due to the plaintiff's allegations that defendants Montgomery and Tillman attempted to intimidate him from filing grievances.[1] It appears that the plaintiff has failed to exhaust his administrative remedies.

---

[1] Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a § 1983 action concerning his confinement. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must complete the state administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

3

However, in light of the plaintiff's allegations of intimidation, the Court will rely upon the other grounds asserted by the defendants in their motions.

In his objections, Plaintiff contends that his access to courts was hindered since defendants allegedly prevented him from completing the grievance process. He also asserts that he suffered actual injury in that the ALJ dismissed his case. Additionally, he references his Opposition to the motion for summary judgment in which he asserted that his Post Conviction Relief (PCR) case was dismissed and that this was due to the fact the inmates who were responsible for assisting prisoners file legal actions were demanding to be paid.

Regarding the alleged interference by the defendants with the filing of grievances, the defendants' motions in the case at bar are not being granted on the basis of Plaintiff's failure to exhaust. Therefore, plaintiff can show no actual injury from such alleged interference. Regarding the plaintiff's claim that the dismissal of his case by the Administrative Law Court resulted in actual injury, these claims were dismissed on the basis that Plaintiff had not been denied a state-created liberty or property interest and not on the basis that the case was filed late. *See* Exhibit 8 to Docket Entry #56. Finally, with regard to Plaintiff's allegations that the PCR was dismissed pursuant to the statute of limitations, the Order of Dismissal (Entry #72-2) indicates that the PCR petition was filed on June 11, 1999 and that he pleaded guilty on January 28, 1998. Therefore, the petition was not filed within the one year statute of limitations provided by S.C. Code Ann. § 17-27-45(a). Plaintiff alleges in his affidavit (Entry #56-2) that "Frederick Hayzill did solicit me for $125.00 in approximately June or July of 2001 to prepare my PCR paper for court then he asked me for another $25.00 in June of 2002." He also states that he had been asked by Inmate Hayzill to "get him some canteen items, which were smoked oysters, and 2 pepsi-cola, on receipt #2769929 dated June 24, 2002." This was long after his PCR should have been filed

4

in order to be timely. Petitioner states that "James Green also charged me $100.00 to prepare my first PCR application in court in June of 1999." (Entry #56-2, p. 9). However, Plaintiff does not indicate that how the request for funds in June of 1999, even if it was not a proper request, impacted his failure to file the PCR in January of 1999.

Petitioner's remaining objections lack merit and are addressed in the Magistrate's Report.

## Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, defendants' [15] motion for summary judgment is **GRANTED** and the [16] motion to dismiss of defendants Sanford and Ozmint is **DEEMED MOOT**. Plaintiff's [35] Motion for Summary Judgment is **DENIED**. Plaintiff's [39] motion to transfer to federal prison for protection is **DENIED.**

**IT IS SO ORDERED.**

                                            s/R. Bryan Harwell
                                            R. Bryan Harwell
                                            United States District Judge

September 25, 2008
Florence, SC